

COMMONWEALTH OF KENTUCKY
LETCHER CIRCUIT COURT
DIVISION NO. _____
CIVIL ACTION NO. 18-CI-00092

ROBERT MULLINS                                    PLAINTIFF

VS.                    **COMPLAINT**

GARY BARNETT

Serve: Gary Barnett
       65 Rocky Hollow
       Jenkins, KY 41537

And

STRAY BULLET TRANSPORT, LLC

Serve: Kentucky Secretary of State
       Gary Barnett
       282 Letcher Circle
       Bean Station, TN 37708                     DEFENDANTS

* * * * *

Comes now the Plaintiff, Robert Mullins, and for his claims and causes of action against the Defendants herein, states as follows:

1.  Plaintiff, Robert Mullins, was at all times relevant herein a resident of Letcher County, Kentucky, with a mailing address of P.O. Box 65, McRoberts, Kentucky, 41835.

2.  Defendant, Gary Barnett, is and was at all times relevant herein, a resident of Letcher County, Kentucky, with a mailing address of 65 Rocky Hollow, Jenkins, Kentucky 41537.

3.  Defendant, Stray Bullet Transport, LLC, is at was at all times herein relevant herein a Tennessee domiciled company doing business in the state of Kentucky, with a principal office of 282 Letcher Circle, Bean Station, Tennessee, 37708.

1

4. That all the acts complained of herein occurred in Letcher County, Kentucky, and the damages are in excess of the jurisdictional limits of this Court and the diversity jurisdictional limits of the United States District Court.

5. On or about the 7th day of March, 2018, Robert Mullins, was operating his motor vehicle with all due care in Jenkins, Letcher County, Kentucky.

6. That on that date and at the place set out above, Defendant, Gary Barnett, was operating a motor vehicle owned and maintained by Defendant, Stray Bullet Transport, LLC, in such a negligent manner so as to cause it to collide to the motor vehicle which Plaintiff Robert Mullins was operating, causing Robert Mullins to suffer severe bodily injuries.

7. At all times relevant herein, the motor vehicle driven by Defendant, Gary Barnett was owned by Defendant, Stray Bullet Transport, LLC.

8. That on the date and at the place set out above, Defendant, Gary Barnett, was employed by Defendant, Stray Bullet Transport, and was acting within the course and scope of his employment.

## COUNT I

9. Plaintiff, Robert Mullins, adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

10. That as a direct and proximate result of the negligence of Defendant, Gary Barnett, in operating the motor vehicle owned and maintained by Stray Bullet Transport, LLC, Plaintiff Robert Mullins was caused to suffer serious bodily injuries and because of the serious bodily injuries sustained by Plaintiff Robert Mullins, he has been caused to suffer pain, suffering, mental anguish and inconvenience and will continue to suffer such pain, suffering, mental anguish and inconvenience in the future.

2

11. That as a direct and proximate result of the negligence of Defendant, Gary Barnett, in operating the motor vehicle owned and maintained by Defendant Stray Bullet Transport, LLC, Plaintiff Robert Mullins has incurred, and will incur in the future, medical expenses and physician expenses.

12. That as a direct and proximate result of the negligence of Defendant, Gary Barnett, in causing the motor vehicle owned and maintained by Stray Bullet Transport, LLC, Plaintiff Robert Mullins has suffered loss wages and a permanent impairment of his ability to earn money in the future.

13. That as a direct and proximate result of the negligence of Defendant, Gary Barnett, in operating the motor vehicle owned and maintained by Stray Bullet Transport, LLC, Plaintiff Robert Mullins has been caused to suffer damages, in an amount in excess of the jurisdictional limits of this Court and the diversity jurisdictional limits of the United States District Court.

14. That as a direct and proximate result of the negligence of the Defendant, Gary Barnett, in operating the motor vehicle owned and maintained by Defendant, Stray Bullet Transport, LLC, Plaintiff Robert Mullins has been caused to incur medical and physician expenses and said expenses have worked to harm Plaintiff's credit rating.

## COUNT II

15. Plaintiff, Robert Mullins, adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

16. That based upon information and belief, Plaintiff alleges that Defendant, Gary Barnett, at the time of the incident complained of herein, was an employee, agent, servant and/or representative of Defendant, Stray Bullet Transport, LLC, and on the date and at the time of the

incident complained of herein, Defendant, Gary Barnett, was acting within the scope and course of his employment, agency, and/or as a representative of Defendant Stray Bullet Transport, LLC.

17. Based upon the employee-employer, master-servant, agency and/or representative relationship which existed between Defendant, Gary Barnett, and Defendant, Stray Bullet Transport, LLC, at the time of the incident complained of herein, the corporate Defendant is vicariously liable for the negligence of Gary Barnett, under the principle of Respondeat Superior.

WHEREFORE, the Plaintiff, Robert Mullins, respectfully demands the following:

1. That the Clerk of this Court issue Summons to Defendant, Gary Barnett and direct a copy thereof, along with a copy of this Complaint to this Defendant at of 65 Rocky Hollow, Jenkins, Kentucky 41537

2. That the Clerk of this Court issues Summons to Defendant, Stray Bullet Transport, LLC, through the Office of the Secretary of State at Summons Branch, 700 Capital Avenue, Suite 86, Frankfort, Kentucky, 40601, and direct a copy thereof, along with a copy of this Complaint to this Defendant's agent for service of process, Gary Barnett, 282 Letcher Circle, Bean Station, Tennessee, 37708.

3. Judgment against the Defendants, Gary Barnett and Stray Bullet Transport, LLC, jointly and/or severally in favor of Plaintiff, Robert Mullins, in an amount in excess of the jurisdictional limits of this Court and the diversity jurisdictional limits of the United States District Court, said amount to be that which is determined as being fair and reasonable by all the evidence, for the following elements of damages:

(A) past mental and physical pain, suffering and inconvenience;

(B) future mental and physical pain, suffering and inconvenience;

(C) lost wages and permanent impairment of his ability to earn money;

4

(D) future medical expenses and past medical expenses to the extent that these elements of damages are not paid or payable to the Plaintiff by his own insurance carrier pursuant to the provisions of KRS Chapter 304;

(E) miscellaneous expenses incurred by the Plaintiff, including but not limited to travel expenses, necessitated by the negligent acts of the Defendant; and

(F) past and future detrimental impact on Plaintiff's credit rating.

4    Pre-judgment and post-judgment interest.

5.   Plaintiff's costs expended herein.

6.   Trial by Jury.

7.   And any and all other relief to which Plaintiff may be entitled.

JOHNSON LAW FIRM, P.S.C.
229 MAIN STREET
P. O. BOX 1517
PIKEVILLE, KY 41501
TELEPHONE: (606) 437-4488

BY: *(signature)*

WILLIAM R. JOHNSON
BRITTNEY N. SCHAEFFER